United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY G YOUNG,                          No C-08-5690 VRW (PR)

        Plaintiff,

    v                                   ORDER OF DISMISSAL WITH LEAVE
                                        TO AMEND
CHARLES D LEE, MD, et al,

        Defendant(s).
_____/

I

    Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), has filed a pro se complaint under 42 USC section 1983 alleging that SVSP officials have been deliberately indifferent to his serious medical needs.  Although plaintiff identifies several defendants by name and lists numerous other "doe defendants" in his pleading, plaintiff fails to show how any of the defendants proximately caused the deprivation of his federally protected right.

II

    Liability may be imposed on an individual defendant under

1  42 USC section 1983 if the plaintiff can show that the defendant
2  proximately caused the deprivation of a federally protected right.
3  See <u>Leer v Murphy</u>, 844 F2d 628, 634 (9th Cir 1988); <u>Harris v City of
4  Roseburg</u>, 664 F2d 1121, 1125 (9th Cir 1981).  A person deprives
5  another of a constitutional right within the meaning of section 1983
6  if he does an affirmative act, participates in another's affirmative
7  act or omits to perform an act which he is legally required to do,
8  that causes the deprivation of which the plaintiff complains.  See
9  <u>Leer</u>, 844 F2d at 633; see, for example, <u>Robins v Meecham</u>, 60 F3d
10 1436, 1442 (9th Cir 1995) (prison official's failure to intervene to
11 prevent 8th Amendment violation may be basis for liability).
12         Even at the pleading stage, "[a] plaintiff must allege
13 facts, not simply conclusions, that show that an individual was
14 personally involved in the deprivation of his civil rights."  <u>Barren
15 v Harrington</u>, 152 F3d 1193, 1194 (9th Cir 1998).  Although the
16 federal rules require brevity in pleading, a complaint must be
17 sufficient to give the defendants "fair notice" of the claim and the
18 "grounds upon which it rests."  <u>Erickson v Pardus</u>, 127 SCt 2197,
19 2200 (2007) (citations omitted).
20
21                                III
22         Good cause appearing, the complaint is DISMISSED with
23 leave to file an amended complaint containing all related claims
24 against all defendants that plaintiff wishes to proceed against in
25 this action.  The pleading must be simple and concise and must
26 include the caption and civil case number used in this order and the
27
28                                 2

1  words FIRST AMENDED COMPLAINT on the first page.  Failure to file a
2  proper amended complaint within 30 days of this order will result in
3  the dismissal of this action.
4          Plaintiff is advised that the FAC will supersede the
5  original complaint and all other pleadings.  Claims and defendants
6  not included in the FAC will not be considered by the court.  See
7  King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987).

          IT IS SO ORDERED.

                              _____
                              **VAUGHN R WALKER**
                              **United States District Chief Judge**

G:\PRO-SE\VRW\CR.08\Young-08-5690.dwlta.wpd

3